USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS DOZIER,

      Petitioner,  08 Civ. 4384 (JGK)

 - against -      MEMORANDUM OPINION
             AND ORDER
JAMES J. WALSH, SUPERINTENDENT,
SULLIVAN CORRECTIONAL FACILITY

      Respondent.

---

JOHN G. KOELTL, District Judge:

The petitioner's motion to appoint counsel is **denied without prejudice to renewal** for failure to make the required showing at this time. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915, and these standards are useful in determining whether the interests of justice require appointing counsel for a habeas petitioner under 18 U.S.C. § 3006A(a)(2). See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 61-62. Only then can the Court consider the other factors

1



appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The petitioner has not yet made such a showing.

SO ORDERED.

Dated: New York, New York
July 22, 2008

John G. Koeltl
United States District Judge