UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────

MARCUS DOZIER,

                    Petitioner,        08 Civ. 4384 (JGK)

        - against -                    MEMORANDUM OPINION
                                       AND ORDER
JAMES J. WALSH,

                    Respondent.
────────────────────────────────────

JOHN G. KOELTL, District Judge:

        Petitioner Marcus Dozier, appearing pro se, seeks a writ of
habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner
argues that he received ineffective assistance of counsel both
because his counsel withdrew the petitioner's intent to testify
before a grand jury without the petitioner's consent and because
the petitioner's attorneys failed to investigate his case
properly.  For the following reasons, the petition for a writ of
habeas corpus is **denied**.

                              I.

        On January 24, 2004, the petitioner allegedly sold cocaine
to an undercover police officer, but evaded arrest.  The
petitioner was found and arrested five days later, and was
released on his own recognizance following his arraignment.  On
March 30, 2004 the petitioner was observed by a police officer
with what the officer believed to be a gun in his waistband.
When the petitioner appeared to discard something from his

waistband into a cardboard box, the officer seized the box, recovered a pistol, and arrested the petitioner.  (See Declaration of Priscilla Steward ("Steward Decl."), Ex. B at 4 & Ex. C at 1-3.)

An attorney for the Legal Aid Society was appointed to represent the petitioner concerning the narcotics matter. Another attorney for the Legal Aid Society was assigned to represent the petitioner regarding the weapons matter.  A New York County Grand Jury indicted the petitioner on charges of Criminal Possession of a Weapon in the Second and Third Degree and a Special Narcotics Grand Jury indicted the petitioner for Criminal Sale of a Controlled Substance in the Third Degree. The petitioner did not testify at either of these proceedings. (Steward Decl., Ex. C at 5.)  Following these indictments, the petitioner made a motion claiming ineffective assistance of counsel.  The petitioner claimed that his attorney withdrew the petitioner's notice to testify before the New York County Grand Jury without the petitioner's permission.  (Steward Decl., Ex. A at 14-16.)  On June 23, 2004, Justice Rena Uliver relieved both Legal Aid attorneys and appointed new counsel to represent the petitioner.  On February 15, 2005, the petitioner's motion was heard by the Honorable Herbert J. Adlerberg.  The Court found that the attorney's withdrawal of the defendant's notice to testify before the New York County Grand Jury on the weapons

2

offense did not rise to the level of ineffective assistance of counsel.  (Steward Decl., Ex. A at 26.)

On April 20, 2005, represented by the same new counsel, the petitioner entered a plea of guilty to one count of Criminal Possession of a Weapon in the Third Degree and to one count of Criminal Sale of a Controlled Substance in the Fifth Degree, resolving the outstanding indictments.  (Steward Decl., Ex. C at 8.)  On May 10, 2005, the petitioner was sentenced to a five-year prison term plus a five-year term of post-release supervision for the weapons charge, and two to four years in prison for the narcotics charge, to be served concurrently.

On October 11, 2007, the New York State Supreme Court, Appellate Division, First Department affirmed the judgment of conviction.  People v. Dozier, 843 N.Y.S.2d 502 (App. Div. 2007).  The Court found:  "There is no merit to defendant's claim that he was 'denied the right to the assistance of counsel' with respect to the grand jury proceedings leading to his weapons possession indictment, and his alleged desire to testify with respect to that charge."  Id.  On February 26, 2008, the petitioner's application for leave to appeal to the New York Court of Appeals was denied.  People v. Dozier, 883 N.E.2d 1261 (N.Y. 2008).

On April 21, 2008, the petitioner filed his petition, dated April 15, 2008, with the Pro Se Office of this Court.  The

3

petitioner has been released from prison and is now under parole
supervision.

## II.

Pursuant to the Antiterrorism and Effective Death Penalty
Act of 1996 ("AEDPA"), a federal court may grant habeas corpus
relief to a state prisoner on a claim that was adjudicated on
the merits in state court only if it concludes that the state
court's decision "was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined
by the Supreme Court of the United States" or "was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding." 28 U.S.C. §
2254(d)(1)-(2); see also Knowles v. Mirzayance, 129 S.Ct. 1411,
1418 (2009); Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir.
2006); Walker v. Girdich, 410 F.3d 120, 122 (2d Cir. 2005).

A state court decision is "contrary to" clearly established
law if "the state court arrives at a conclusion opposite to that
reached by [the Supreme Court] on a question of law" or "if the
state court confronts facts that are materially
indistinguishable from a relevant Supreme Court precedent and
arrives at a result opposite to" the Supreme Court's result.
Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court
decision involves "an unreasonable application of . . . clearly
established Federal law" when the state court "correctly

identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08.

To meet that standard, "the state court decision [must] be more than incorrect or erroneous"; it "must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "[I]t is well established in [this] [C]ircuit that the objectively unreasonable standard of § 2254(d)(1) means that [a] petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Cotto v. Herbert, 331 F.3d 217, 248 (2d Cir. 2003) (internal quotation marks omitted); see also Dedushaj v. Graham, No. 07 Civ. 5401, 2008 WL 4858242, at *2-*3 (S.D.N.Y. Nov. 7, 2008).

In order to prove ineffective assistance of counsel a habeas petitioner must show that "(1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Meeting the first prong of the Strickland test "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. To satisfy the second prong of the test, the petitioner must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have
been different." Id. at 694.

                                A.

     The petitioner's first ineffective assistance of counsel
claim relates to his counsel's withdrawal of the petitioner's
notice to testify before the New York County grand jury
investigating the weapons offense, allegedly without the
petitioner's consent.  The petitioner subsequently pleaded
guilty to charges returned by both grand juries.  A guilty plea
acts as a waiver of all non-jurisdictional defects occurring
prior to the plea.  United States v. Doyle, 348 F.2d 715, 718
(2d Cir. 1965).  "When a criminal defendant has solemnly
admitted in open court that he is in fact guilty of the offense
with which he is charged, he may not thereafter raise
independent claims relating to the deprivation of constitutional
rights that occurred prior to the entry of the guilty plea."
Tollett v. Henderson, 411 U.S. 258, 267 (1973).  This waiver
includes defects before the grand jury.  Alston v. Ricks, No. 01
Civ. 9862, 2003 WL 42144, at *7 (S.D.N.Y. Jan. 7, 2003).
Ineffective assistance of counsel claims that do not affect the
knowing and voluntary nature of the plea are waived.  United
States v. Coffin, 76 F.3d 494, 497-98 (2d Cir. 1996).

     Following the grand jury indictment the petitioner,
assisted by new counsel, pleaded guilty.  The petitioner

                                6

therefore waived the right to base an ineffective assistance of counsel claim on the events that allegedly occurred before the grand jury.  The petitioner has not challenged the effectiveness of his counsel at his plea and he has not argued that his plea was unknowing or involuntary.  Nor has he argued that he would not have pleaded guilty but for his failure to testify before the grand jury.  Moreover, the petitioner cannot support a showing of prejudice based on his counsel's failure to allow him to testify before the grand jury, because the guilty plea has cured any possible prejudice arising from the fact that he did not testify before the grand jury.  Id.  Because there is no showing of prejudice, the petitioner cannot meet the second prong of Strickland.  Therefore, the petitioner cannot show that the state court's decision was either contrary to clearly established federal law or based on an unreasonable determination of the facts.  Accordingly, the petitioner's request for habeas relief based on his counsel's alleged withdrawal of petitioner's notice to testify before the grand jury without the petitioner's consent is **denied**.

**B.**

The petitioner raises a second ineffective assistance of counsel claim, arguing that his Legal Aid lawyers failed to investigate fully possible defenses to the various charges against him.  However, the petitioner did not raise this claim

7

in any of his state court proceedings, and the claim is therefore unexhausted.

When a court is presented with a habeas corpus petition including both exhausted and unexhausted claims, it has the power to stay all the claims and allow the petitioner to return to state court to litigate the unexhausted claims.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  However, 28 U.S.C. § 2254(b)(2) states that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  If the unexhausted claims are "plainly meritless," the district court should dismiss these claims on the merits.  Rhines, 544 U.S. at 277.

Here, the petitioner's claims are clearly without merit. The petitioner chose to plead guilty with the assistance of a new lawyer.  This guilty plea cures all non-jurisdictional defects.  Doyle, 348 F.2d at 718.  The events to which the petitioner refers occurred prior to his voluntary guilty plea. Therefore, the petitioner has waived any claim of prejudice arising from these events.  Vasquez v. Parrott, 397 F. Supp. 2d 452, 463-64 (S.D.N.Y. 2005) (collecting cases).  Because the petitioner fails to show how the alleged failures of his Legal Aid lawyers to investigate fully possible defenses to the charges against him caused any prejudice, he fails to meet the

Strickland test.  His petition for habeas relief based upon his

unexhausted claim of counsel's failure to investigate is without

merit, and will therefore be denied.

## CONCLUSION

For all the reasons explained above, the petitioner's

application for a writ of habeas corpus is **denied.**  The Clerk is

directed to enter judgment in favor of the respondent and to

close this case.  The Court declines to issue a certificate of

appealability pursuant to 28 U.S.C. § 2253(c) because the

petitioner has failed to make a substantial showing of the

denial of a constitutional right.

**SO ORDERED.**

**Dated:     New York, New York
           May 27, 2009**

John G. Koeltl
United States District Judge